IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 JUL 20  P 4: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JESSICA DAVIS, JIMANIKA )
WEST, ERIKA BRINKLEY, and )
KIMBERLY TAYLOR, on behalf )
of themselves and all )
others similarly situated, )
)
    Plaintiffs, )
)
vs. )  CASE NO: 2:17-CV-488-SRW
)
TITLEMAX OF ALABAMA, INC.,)  **JURY TRIAL DEMANDED**
and TMX FINANCE, LLC, )
)
    Defendants. )

## COLLECTIVE ACTION COMPLAINT

Representative Plaintiffs, Jessica Davis, Jimanika West, Erika Brinkley, and Kimberly Taylor, on behalf of themselves and all others similarly situated, file this Collective Action Complaint against TitleMax of Alabama, LLC ("TitleMax") and TMX Finance, LLC ("TMX"), under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*, and assert as follows:

### THE PARTIES

1.     Plaintiff Jessica Davis is an adult resident of Mobile County, Alabama and is an employee of the Defendants at a TitleMax store in Semmes, Alabama. Her job title is Customer Service Representative.

2. Jimanika West is an adult resident of Mobile County, Alabama and is an employee of the Defendants at a TitleMax store in Semmes, Alabama. Her job title is General Manager.

3. Erika Brinkley is an adult resident of Mobile County, Alabama and is an employee of the Defendants at a TitleMax store in Semmes, Alabama. Her job title is Store Manager.

4. Kimberly Taylor is an adult resident of Mobile County, Alabama and is an employee of the Defendants at a TitleMax store in Semmes, Alabama. Her job title is Customer Service Representative

5. At all times relevant to this complaint, the Plaintiffs were employed by the Defendants at a business located at 7835 Moffett Road, Semmes, Alabama and are/were an "employee" of the Defendants as defined in 29 U.S.C. §203(e)(1). The Plaintiffs worked for the Defendants within the territory of the United Sates within three years preceding the filing of this complaint.

6. Defendant TitleMax of Alabama, Inc., is an Alabama corporation. The Alabama Secretary of State shows TitleMax of Alabama principal address as "Montgomery." However, on its 2016 Annual Report filed with the Secretary of State, its reporting address is "Ste. 200, 15 Bull Street, Savannah, Georgia 31401-2686." The President of TitleMax of Alabama is Tracy Young, TitleMax has approximately 90 locations throughout Alabama, including locations in the Middle

District of Alabama. At all relevant times, TitleMax has continuously been an "employer" of the named Plaintiffs within the meaning of 29 U.S.C §203(d) of the FLSA.

7. TMX Finance, LLC is a Delaware Corporation. In filings with the Securities and Exchange Commission, TMX lists its principal place of business as 15 Bull Street in Savannah, Georgia. Tracy Young is the Chief Executive Officer of the "TMX Finance Family of Companies." TMX is the parent company to the brands TitleMax, TitleBucks, EquityAuto Loan, The Case Store and InstaLoan. TMX's filings with the Securities and Exchange Commission include financial information for TMX and its affiliates, one of which is TitleMax. In its filings with the SEC, TMX states "The Company operates as TitleMax in 870 stores." TMX has more than 1200 locations in over 13 states. Upon information and belief, TMX sets the policies for all of its brands and their locations, including TitleMax and controls the actions of its brands or "Family of Companies," as it refers to itself on its website, and their managers, supervisors and personnel. Although TitleMax and TMX are separate corporate entities, they along with their other "brands" or "family of companies" operate as a single entity under the control of TMX's CEO, Tracy Young, the sole beneficial owner of TitleMax and TMX. There is no separation between TMX and its wholly-owned brands or family of companies and the brands are operated pursuant to company-wide policies and

directives from district and regional managers under the central leadership of Young. You can apply for a job at a TitleMax location on TMX's website which is www.tmxfinancefamily.com. Upon information and belief, district and regional managers employed by TMX make all final hiring and firing decisions of employees of TitleMax and its other brands. At all relevant times, TMX has continuously been an "employer" of the named Plaintiffs within the meaning of 29 U.S.C. §203(d) of the FLSA. TMX is a "joint employer" along with TitleMax.

8. At all times relevant to this complaint, the Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1). In addition, the Defendants are private employers engaged in interstate commerce and their gross revenues exceed $500,000 per year.

9. Once discovery has commenced, the identities of other unknown conspirators and participants in the wrongdoing identified herein may be revealed, and the Representative Plaintiffs reserve their right to seek leave of court to amend the Complaint to add these new parties or new claims.

### JURISDICTION AND VENUE

10. This Court has jurisdiction of this case pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

11. Defendant TitleMax is an Alabama corporation. TitleMax has stores located throughout the State of Alabama, including locations in the Middle District of Alabama. Defendant TitleMax does business in and is engaged in commerce in the State of Alabama. Because of its control of TitleMax and because it is a joint employer of the plaintiffs with TitleMax, TMX does business and is engaged in commerce in the Middle District of Alabama. Venue is proper in this district pursuant to 29 U.S.C. 1391(d) because TitleMax's and TMX's contacts in this district would be sufficient to subject it to personal jurisdiction in that district.

## FLSA COLLECTIVE-ACTION ALLEGATOINS

12. Plaintiffs bring this collective action on behalf of all persons throughout the country who (1) were or are employed by Defendant during the applicable three-year statute of limitations; and (2) have not been lawfully compensated at 1½ times the regular rate of pay for work performed in excess of forty hours per week (the putative "Class").

13. Questions of law and fact common to the putative Class as a whole include, but are not limited to the following:

   a. Whether the Defendants failed and continue to fail to pay overtime compensation in violation of the FLSA;

   b. Whether the Defendants' policies and practices regarding their treatment of overtime hours (i.e., deleting those hours from time

      record and refusing to pay any compensation for those hours) violates the FLSA;

c. Whether the Defendants' failure to pay overtime to Plaintiffs and the putative Class was willful within the meaning of the FLSA;

d. Whether the Defendants failed and continue to fail to make, keep, preserve and/or maintain accurate record of actual time worked by Plaintiffs and the putative Class;

e. Whether the Defendants deliberately changed and falsified employee payroll records to avoid the requirements of the FLSA;

f. Whether TitleMax of Alabama and TMX are "joint employers;"

g. Whether TMX is similarly liable for FLSA violations because it actively participated in, and exercised control over, the operations of TitleMax and had a direct role in instituting the policies, procedures, and plans at issue.

14. Plaintiffs bring this claim on behalf of themselves and the putative Class pursuant to 29 U.S.C. § 216(b) because Plaintiffs' claims are substantially similar to the class of the members of the putative Class.

15. Plaintiffs and the putative Class are similarly situated, have substantially similar contract agreements and pay provisions, and are similarly subject to the Defendants' common practice, policy, or place of intentionally

deleting records of overtime hours and corresponding refusal to pay any compensation for overtime hours.

16. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex class action litigation.

17. Plaintiffs' claims and injuries are typical of those suffered by the putative Class.

18. The names and addresses of the putative Class members are available from Defendants.

## **NATURE OF CASE**

19. This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and, specifically, the collective action provision set forth in §216(b) to recover unpaid compensation, in the form of wages and overtime, owed to Plaintiffs and all employees and former employees of TitleMax who are similarly situated.

20. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to the Defendants, Plaintiffs, and the Class members. That section requires, among other things, that employees shall be compensated for overtime work (i.e., hours worked in excess of forty hours per week) "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

21. At all times relevant to this Complaint, Defendants were aware of their requirements under the FLSA (and its corresponding regulations)—including requirements related to overtime pay and maintaining accurate payroll records.

22. Despite this knowledge, the Defendants had a uniform policy and practice of consistently requiring its location managers to edit the time cards of employees to remove all hours worked in excess of forty hours per week. Put differently, the Defendants have repeatedly instructed certain of its employees to edit the Plaintiffs and Class members' time records for the sole purpose of depriving them of overtime compensation and improving the Defendants' profits. This practice has existed for at least three years. The Defendants have intentionally and repeatedly misrepresented to the Plaintiffs and the Class members the number of hours they worked and the amount of compensation owed to them. The Plaintiffs and the putative Class relied on these misrepresentations. Due to the Defendants' concealment, the Plaintiffs and the putative Class could not have discovered the true amount of wages owed and their potential claims under the FLSA by the exercise of reasonable due diligence because of those misrepresentations.

23. Upon information and belief, TitleMax instituted this policy at TMX's recommendation, insistence, or direction.

24. The Defendants' intentional and knowing violations of the FLSA have deprived the Plaintiffs and Class members of all compensation for overtime work, not merely the normal extra compensation for overtime.

25. Moreover, the Defendants required the Plaintiffs and the Class members to work in excess of 40 hours per week—hours for which those employees received no compensation whatsoever. Instead of receiving time and a half for this overtime work, Plaintiffs received nothing.

26. As a result of the Defendants' misrepresentation of the true facts as to these matters, the applicable statute of limitations governing FLSA actions, 29 U.S.C. §255(a), is tolled for so long as the Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten years. The Defendants are estopped from raising the statute of limitations as a bar.

27. There are hundreds or thousands of similarly situated employees and former employees who have been deprived of overtime wages owed by the Defendants in violation of the FLSA. These members of the putative Class would benefit from the issuance of Court-Supervised Notice of the present lawsuit giving them the opportunity to join this litigation. Those similarly situated employees are known to the Defendants and are readily identifiable and locatable through the Defendants' records.

28. The Defendants' actions in failing to compensate the Plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful. The Defendants have not made a good faith effort to comply with the FLSA.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FLSA

29. Plaintiffs incorporate paragraphs 12–28 of this Complaint herein by reference.

30. At all times relevant to this Complaint, the Defendants have been and continue to be an "employer" engaged in interstate "commerce" within the meaning of 29 U.S.C. § 203.

31. At all times relevant to this Complaint, the Defendants employed (and in some cases continues to employ) Plaintiffs and putative Class members, within the definition of U.S.C. § 203(e)(1).

32. Each of the named Plaintiffs consents to sue in this action pursuant to the Fair Labor Standards Act.

33. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees at the rate not less than 1½ times the regular rate of pay for worked performed in excess of forty hours per week.

34. Plaintiffs and putative Class members were/are paid hourly and are not exempt from the right to receive overtime pay under the FLSA.

35. Plaintiffs and the putative Class members are entitled to be paid overtime compensation for all overtime hours worked.

36. At all times relevant to this Complaint, the Defendants had a policy and practice of failing or refusing to pay any wages to its employees for hours worked in excess of forty hours per week.

37. As a result of the Defendants' failure to compensate Plaintiffs and the putative Class members for overtime work in accordance with the FLSA's requirements, the Defendants have violated and continue to violate the FLSA, including, but not limited to, 29 U.S.C. § 207(a)(1).

38. The Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. TMX is similarly liable for the FLSA violations alleged herein because it was a joint employer with TitleMax and it actively participated in, and exercised control over, the operations of TitleMax and had a direct role in instituting the policies, procedures, and plans at issue.

40. Plaintiffs and the putative Class members are entitled to damages in the amount of their respective unpaid overtime compensation, plus liquidated

damages as provided by 29 U.S.C. § 216(b) and such other legal and equitable relief as the Court deems just and proper.

41. Plaintiffs and the putative Class members request recovery of their attorneys' fees and costs associated with this cause of action as provided by 29 U.S.C. § 216(b).

WHEREFORE, the Plaintiffs, individually and on behalf the putative Class members, and pursuant to 29 U.S.C §216(b), pray for the following relief:

1. At the earliest possible time, the Plaintiffs be allowed to give notice, or that the Court issue such Notice, to all the Defendants' employees in all TMX Family of Company locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated, informing them that this actions has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked hours that they were not compensated for or worked overtime but were not paid overtime compensation pursuant to 29 U.S.C. §207;

2. Enjoin the Defendants from willfully failing to pay overtime compensation to its employees;

3. The Plaintiffs be awarded damages in the amount of his or her respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and prejudgment interest;

4. The Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

5. Such other legal and equitable relief including, but not limited to, any injunctive, legal and/or declaratory relief, to which they may be entitled.

6. Plaintiffs further demand a jury to try the issues when joined.

## COUNT II – FAILURE TO MAINTAIN ACCURATE RECORDS

42. Plaintiffs incorporate paragraphs 12-42 of the Complaint herein by reference.

43. 29 U.S.C. §211(c) requires employers to maintain accurate payroll records.

44. By instructing its employees to edit its payroll records, the Defendants have deliberately failed to maintain accurate payroll records of its employees and have intentionally violated 29 U.S.C.§211(c).

45. Because of the Defendants deliberate failure to maintain accurate payroll records, the Plaintiffs have not been lawfully compensated for work they performed in excess of forty hours per week.

WHEREFORE, the Plaintiffs, individually and on behalf of the putative Class members, pray for the following relief:

1. At the earliest possible time, the Plaintiffs be allowed to give notice, or that the Court issue such Notice, to all the Defendants' employees in all TMX Family of Companies locations within the United States during the three years immediately preceding the filing of this suit, to all potential plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit;

2. Enjoin the Defendant from failing to maintain accurate payroll records;

3. The Plaintiffs be awarded damages in the amount of his or her respective unpaid compensation and benefits, plus an equal amount of liquidated damages; and prejudgment interest;

4. The Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

5. Such other legal and equitable relief including, but not limited to any injunctive, legal and/or declaratory relief, to which they may be entitled.

6. Plaintiffs further demand a jury to try the issues when joined.

Respectfully submitted, this the 20th day of July, 2017.

_____
J. DOYLE FULLER

_____
SUSAN G. COPELAND

_____
JACOB A. FULLER

FULLER AND COPELAND
2851 Zelda Road
Montgomery, Alabama 36106
(334)270-0020
(334) 270-9848
jdf@fullercopeland.com
susanc@fullercopeland.com
jacob@fullercopeland.com

_____
ANDREW P. CAMPBELL

_____
JOHN GUIN

CAMPBELL/GUIN
505 20th Street North
Suite 1600
Birmingham, AL 35203
205-224-0750
andy.campbell@campbellguin.com
john.guin@campbellguin.com

15