IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSICA DAVIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:17cv488-ECM |
| | ) | (WO) |
| TITLEMAX OF ALBAMA, INC., and | ) | |
| TMX FINANCE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

In this action, the plaintiffs seek to pursue a collective action against the defendants for violations of the Fair Labors Standard Act, 29 U.S.C. § 201, *et seq*. (doc. 1). This matter is now pending before the Court on defendant TitleMax of Alabama, Inc.'s motion to transfer venue, dismiss and strike collective action claims and compel individual arbitration (doc. 10).[1] The defendant seeks to transfer venue to the United States District Court for the Southern District of Alabama asserting that the plaintiffs are required to arbitrate their claims in that District. (Doc. 10 at 1-2). In a motion to stay, the plaintiffs concede that they signed arbitration agreements but asserted that the United States Supreme Court's decision in *Epic Sys. Corp. v. Ernst &Young*, 138 S.Ct. 1612 (2018) would "decide whether these plaintiffs must

---

[1] Also pending before the Court is defendant TMX's motion to dismiss for lack of jurisdiction (doc. 11). Because this matter is due to be transferred to the Southern District of Alabama, the court declines to resolve that motion at this time.

submit to arbitration or whether their collective action case may proceed." (Doc. # 15 at 2, ¶ 4). Thereafter, on May 21, 2018, the Supreme Court issued its opinion in *Epic Sys. Corp., supra.*, which supports the defendant's position that the plaintiffs can be compelled to arbitrate their claims.

On November 30, 2018, the Court ordered the plaintiffs to show cause why the motion to transfer should not be granted in light of the Supreme Court's decision in *Epic Sys. Corp., supra.* (Doc. 23). On December 20, 2018, the plaintiffs responded and "concede[d] that the Motion to Transfer contained in Doc. 10, should be granted, and that this case be transferred to the Southern District of Alabama." (Doc. 24).

Accordingly, upon an independent review of the pleadings and for good cause, it is

ORDERED that the defendants' motion to transfer (doc. 10) be and is hereby GRANTED and that this case be and is hereby transferred to the United States District Court for the Southern District of Alabama.

The Clerk of the Court is DIRECTED to take the necessary action to transfer this case to the United States District Court for the Southern District of Alabama.

DONE this 7th day of January, 2019.

                                                    /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        UNITED STATES DISTRICT JUDGE